STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 03-1286


PRISCILLA WHITTINGTON

VERSUS

PARAGON CASINO RESORT


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF RAPIDES, NO. 02-09274
SHERAL C. KELLAR, WORKERS' COMPENSATION JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Billie Colombaro Woodard, Oswald A. Decuir, and Billy Howard
Ezell, Judges.

AFFIRMED.

George Arthur Flournoy
Flournoy, Doggett & Losavio
P. O. Box 1270
Alexandria, LA 71309-1270
(318) 487-9858
Counsel for: Plaintiff/Appellant
Priscilla Whittington

Trenton John Oubre
Breazeale, Sachse & Wilson
P. O. Box 3197
Baton Rouge, LA 70821
(225) 387-4000
Counsel for: Defendant/Appellee
Paragon Casino Resort

**EZELL, JUDGE.**

This case involves the issue of whether the Office of Workers' Compensation has subject matter jurisdiction to hear a claim filed by an employee of the Tunica Biloxi Indians of Louisiana d/b/a Paragon Casino. Finding that this specific issue has been recently addressed by this court, we affirm.

## DISCUSSION

Priscilla Whittington was hired by Paragon Casino on November 28, 1995, as a soft count handler. She claims that, as a result of her employment, she suffered progressive carpal tunnel injury to both hands and wrists which subsequently caused pain and injury to her neck and back. She filed a claim for workers' compensation benefits on December 12, 2002.

Her claim was met with an exception of subject matter jurisdiction filed by Paragon Casino. A hearing on the exception was held on March 24, 2003. The workers' compensation judge agreed with Paragon Casino that the Office of Workers' Compensation does not have jurisdiction to litigate an action against the Tribe over activities that occurred on tribal lands. A judgment granting Paragon Casino's exception of lack of subject matter jurisdiction was signed on June 18, 2003. Whittington appealed the judgment.

This very issue involving the same defendant was recently decided by a different panel of this court in *Ortego v. Tunica Biloxi Indians of La. d/b/a Paragon Casino*, 03-1001 (La.App. 3 Cir. 02/04/04), ____ So.2d ____. The panel in *Ortego* throughly reviewed the history, law, and jurisprudence surrounding jurisdiction of tribal courts and determined that the Tribe had not waived its sovereign immunity but had retained its civil jurisdiction over workers' compensation claims brought as a result of tribal activities. We agree with the opinion and affirm the judgment of the Office of Workers' Compensation. Costs of this appeal are assessed to Priscilla

1

Whittington.

**AFFIRMED.**